IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

IDA L. TAYLOR )
)
    Plaintiff, ) No. 14-10

V.

CAROLYN W. COLVIN,
COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits, for a time period beginning on April 15, 2010. Her claim was denied initially, and upon hearing before an ALJ, at which Plaintiff did not appear. Her counsel, however, did appear. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ failed to consider her explanation for failing to appear at the hearing. Due process requires that the ALJ consider such an explanation. Dexter v. Colvin, 731 F.3d 977 (9th Cir. 2013); see also Starr v. Astrue, 2008 U.S. Dist. LEXIS 72539 (E.D. Mo. Sept. 24, 2008). Here, the Plaintiff did not appear at the November 28, 2011 hearing. The ALJ issued a notice to show cause for failure to appear. Plaintiff submitted a letter dated December 15, 2011, stating that she had been in several drug and alcohol treatment programs in November, 2011, which caused her to miss her "appointment with Social Security." The letter is labeled in the record as a DA & A statement. In his decision, which was dated February 13, 2012, the ALJ wrote that he "received no response" to the request to show cause. He further noted that counsel

"indicated that his office had not received a response from the claimant in 6 months." At the hearing, counsel stated that he had left Plaintiff numerous messages and sent her multiple letters, without response.

Defendant argues that Plaintiff's argument fails, because she did not submit proof of good cause beyond her own statement. The quality of her proof, however, is an issue for the ALJ in the first instance. It appears, in this case, that the ALJ did not consider – and perhaps was not aware that Plaintiff had submitted – any explanation at all. Accordingly, under the circumstances of this case, this matter must be remanded for the ALJ to consider whether Plaintiff proffered good cause for her failure to appear at the hearing, and if so, to allow her the opportunity to appear at the hearing.

In addition, I have considered Plaintiff's remaining arguments. Having done so, I reject Plaintiff's challenge to the ALJ's reliance on an unsigned medical report. Electronic signatures are acceptable. SSR 96-10p. Moreover, I find no error with respect to the ALJ's treatment of Dr. Grande's records, or his failure to request additional opinions regarding Plaintiff's functional capacity. Accordingly, remand is limited to the issues surrounding Plaintiff's appearance at the hearing.

## CONCLUSION

In sum, in order to ensure that the requirements of due process are met, this matter will be remanded for further proceedings consistent with the foregoing Opinion.

**ORDER**

AND NOW, this 29th day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that this matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

<u>s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Senior Judge, U.S. District Court