IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


IDA TAYLOR )  14-10
 )
   v. )

CAROLYN W. COLVIN


**MEMORANDUM ORDER**


Before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

In this case, Plaintiff failed to appear and testify at a hearing before an Administrative Law Judge ("ALJ"). The ALJ subsequently issued a decision that she was not entitled to disability benefits. Plaintiff appealed that decision on various grounds, including the ALJ's failure to consider Plaintiff's reasons for failing to appear at the hearing. Defendant argued, in opposition, that Plaintiff did not demonstrate that she was prejudiced by not being present at the hearing, and that her counsel appeared and adequately represented her interests. On appeal, I rejected the majority of Plaintiff's substantive contentions, but found that the ALJ had not addressed Plaintiff's explanation for failing to appear at the hearing. I found that due process required the ALJ to do so, and remanded on that basis.

Under the EAJA, a prevailing party may be entitled to fees unless "the position of the United States was substantially justified." 28 U.S.C.A. § 2412(d)(1)(A). The burden of demonstrating substantial justification rests on Defendant. Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 324 (3d Cir. 2010). Substantial justification means "justified in substance or in the

main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).

A court may not assume that because plaintiff prevailed, defendant's position was not substantially justified. Smith-Schaeffer v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 83443 (W.D. Pa. 2013). Moreover, courts have found attorney fees unjustified in matters remanded to the ALJ for determination on a relatively narrow issue. E.g., Butterfield v. Astrue, 2011 U.S. Dist. LEXIS 48586, 2011 WL 1740121 (E.D. Pa. May 5, 2011). Overall, "[s]ubstantial justification constitutes a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" Clark v. Astrue, 793 F. Supp. 2d 726 (E.D. Pa. 2011).

I have reviewed the record in this Court and below, and under all of the circumstances present here, I find a fee award appropriate. A party seeking fees bears the burden of demonstrating that its request is reasonable. Newell v. Comm'r of Social Security, 121 Fed. Appx. 937, 939 (3d Cir. 2005). Once the opposing party raises objections to the fee request, the District Court has discretion to adjust the award, and must exclude hours that are excessive, redundant, or otherwise unnecessary. Wintemute v. Colvin, 2014 U.S. Dist. LEXIS 106267, at **3-4 (W.D. Pa. 2014).

Here, Plaintiff seeks fees totaling $5,896.00, representing 31.1 hours at an hourly rate of $189.59. Defendant raises specific objections to certain of Plaintiffs' hours, the sum total of which is a contention that Plaintiffs' fees be reduced to a total of 16.25 hours. I agree with each of Defendant's proposed reductions, because I agree with its assessment regarding the reasonableness of the time expended on each task. I note, too, that an adjustment to the award

more accurately reflects the fact that Plaintiff prevailed on a narrow issue. Thus, I will exercise my discretion to adjust the fee sought to $3,080.83.

AND NOW, this 27th day of May, 2015, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court